IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALTER BRYAN,** | : | |
| **Petitioner** | : | **CIVIL NO. 1:CV-08-01948** |
| v. | : | **(Judge Rambo)** |
| **BARRASSE, et al.,** | : | |
| **Respondents** | : | |

## M E M O R A N D U M   A N D   O R D E R

Benjamin Wayne Merring ("Merring"), an inmate currently confined at the Lackawanna County Prison in Scranton, Pennsylvania ("Lackawanna County Prison"), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 as next friend of a fellow inmate, Walter Bryan ("Bryan"), also imprisoned at the Lackawanna County Prison.[1]  (Doc. 1.)  This matter is before the court for preliminary screening.[2]  For the reasons that follow, the petition will be dismissed because Merring has not demonstrated that he has standing as Bryan's "next friend" for purposes of this petition.

---

[1]  Although styled as both a habeas petition under § 2254 and a complaint under 42 U.S.C. § 1983, the contents of the document reveal that its goal is to garner Bryan's release from state prison.  Accordingly, the court construes the document as a petition under § 2254.

[2]  "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts.

An "[a]pplication for writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. A litigant seeking to prosecute a "next friend" habeas petition "must establish the requisite [Article III] standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990); *accord In re Zettlemoyer*, 53 F.3d 24, 26-27 (3d Cir. 1995) (*per curiam*). "'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore*, 495 U.S. at 163.

A "next friend" seeking habeas relief must establish standing by meeting two prerequisites. "First, a 'next friend' must provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action." *Id*. Second, the petitioner seeking standing as "next friend" must demonstrate that he is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate" and has some "significant relationship" with that person. *Id*. at 163-64. The "next friend" doctrine is so limited because of the recognition that "it was not intended that the writ of habeas corpus should be availed of, as matter of course, by intruders or uninvited meddlers, styling themselves next friends." *Id*. at 164 (quoting *United States ex rel.*

2

*Bryant v. Houston*, 273 F. 915, 916 (2d Cir. 1921)); *see also Rosenberg v. United States*, 346 U.S. 273, 291-92 (1953). The burden is on the person seeking "next friend" standing to establish these prerequisites. *Whitmore*, 495 U.S. at 164; *see also Zettlemoyer*, 53 F.3d at 27.

In the instant case, Merring fails to establish "next friend" standing because he does not provide any reason that Bryan cannot bring a habeas petition on his own behalf. Merring claims that Bryan has been his cell mate in the medical unit at Lackawanna County Prison for two weeks, and during that time Bryan has had very little communication with him.[3] Merring does not indicate any further relationship with Bryan, familial or otherwise. While Merring claims that he is acting on behalf of Bryan because Bryan has been found incompetent to stand trial,[4] that alone does not circumvent binding judicial precedent to confer Article III standing upon Merring for purposes of the instant petition. Nor does it evade the "well established principle that while a layman may represent himself with respect to his individual claims, he is not

---

[3] Merring claims that Bryan "has said very little," but "does say hi and will shake my hand." (Doc. 1 at 6.) Further, "[w]hen [Bryan] communicates it is usually only one or two words." (*Id.*)

[4] Notably, Merring claims to simply "believe[] that such documentation [of a finding of incompetency] does exist and is in the possession of the Commonwealth of Pennsylvania." (Doc. 1 at 7-8.)

3

entitled to act as an attorney for others in federal court." *Lutz v. Lavelle*, 809 F. Supp. 323, 325 (M.D. Pa. 1991); *see* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *DePonceau v. Pataki*, 315 F. Supp. 2d 338, 341 (W.D. N.Y. 2004) ("[P]laintiffs have no statutory nor constitutional right to be represented in federal court by a non-lawyer").

In sum, Merring does not have standing to pursue Bryan's legal interests;[5] therefore, the court will dismiss the instant petition.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. The instant petition for writ of habeas corpus (Doc. 1) is DISMISSED for lack of standing.

2. The Clerk of Court is directed to CLOSE this case.

                                       s/Sylvia H. Rambo
                                       SYLVIA H. RAMBO
                                       United States District Judge

Dated: October 30, 2008.

---

[5] Bryan may, of course, pursue his legal claims on his own behalf and submit the filing fee or file for leave to proceed *in forma pauperis* or seek the services of an attorney who will provide legal services for him on a contingency basis.